GILLESPIE, Chief Justice, for the Court:
Suing on the collision or upset coverage of an automobile liability policy, Mrs. R. J. Prather was awarded a judgment by the Circuit Court of Jones County against Stonewall Insurance Company. Stonewall appealed.
Mrs. Merlene S. Ervin owned a passenger automobile insured by Stonewall. Under Part I, the policy provided coverage A.— Bodily Injury Liability, and coverage B.— Property Damage Liability. Under Part III, it provided coverage E. — Collision or Upset, and coverage F. — Comprehensive.
Under Declarations, Item 1, the named insured was given as Merlene S. Ervin, and under Item II, the named insured and all other drivers of the automobile were shown as Merlene S. Ervin and Ronnie Lamar Ervin, age 18, son, who would have one hundred percent use of the described automobile.
The Toyota automobile described in the policy was in the shop. Ronnie Lamar Er-vin borrowed Mrs. Prather’s Oldsmobile automobile from Mike Parish, grandson of Mrs. Prather. While driving Mrs. Prather’s automobile, Ronnie Lamar Ervin swerved to miss an animal, lost control, and the Prather automobile was totally destroyed when it turned over twice. Mrs. Ervin assigned to Mrs. Prather any claim she had under the policy. Mrs. Prather then sued Stonewall. Jury trial was waived. The trial resulted in a judgment for Mrs. Prather.
Question: Did the policy provide collision or upset coverage on Mrs. Prather’s automobile when the loss occurred while it was being driven by Ronnie Lamar Ervin?
The question is answered by the ternis of the policy.
The applicable provisions are as follows:
Part III. — Physical Damage
Insuring Agreements
I. Coverage E — Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by collision of the auto *464 mobile with another object or by upset of the automobile.
V. Use of Other Automobiles — Collision or Upset Coverage. If the insured is an individual or husband and wife and if during the policy period such insured, or the spouse of such individual if a resident of the same household, owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverage E with respect to said automobile applies with respect to any other private passenger automobile while being operated or used by such insured or spouse.
Omitting the parts not applicable to this case, Paragraph V is as follows:
If the insured is an individual . and if during the policy period such insured, . . . owns a private passenger automobile covered by this policy, such insurance as is afforded by this policy under coverage E with respect to said automobile applies with respect to any other private passenger automobile while being operated or used by such insured.
Paragraph V of Part III requires that an unmarried insured must during the policy period own a private passenger automobile covered by the policy in order for the collision or upset coverage to apply to another private passenger automobile while being driven or used by such insured. Mrs. Prather alleged in her amendment to the declaration that the Toyota described in the policy was owned by Mrs. Merlene S. Ervin. Ronnie Lamar Ervin was an insured but since he did not own the private passenger automobile insured under the policy, the collision or upset coverage does not apply with respect to the Prather automobile.
The case is reversed and judgment is entered here for the appellant. REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.